IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHANNA R. WALKER,

        Plaintiff,

vs.                              Case No. 12-1416-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 30, 2010, administrative law judge (ALJ) Alison K. Brookins issued her decision (R. at 9-19). Plaintiff alleges that she has been disabled since August 1, 2008 (R. at 9). Plaintiff is insured for disability insurance benefits through

September 30, 2012 (R. at 11). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 11). At step two, the ALJ found that plaintiff has the following severe impairments: degenerative disc disease of the cervical spine status post surgery with recurrent infection at surgical site and lumbar arthritis (R. at 11). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14). After determining plaintiff's RFC (R. at 15), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 17). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17-18). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18-19).

**III. Did the ALJ err in her consideration of medical source opinions, and did sufficient evidence support the ALJ's RFC findings?**

The ALJ found that plaintiff can perform a limited range of sedentary work. More specifically, he found that plaintiff can lift 10 pounds occasionally and less than 10 pounds frequently; she can stand for 30 to 45 minutes at a time before sitting; she can sit for 30 to 40 minutes at a time before standing or walking; she can walk for the equivalent of one block before

5

resting; she can perform no overhead reaching, and she can only occasionally climb, balance, stoop, kneel, crouch or crawl. Plaintiff was also found to have a limited range of motion from side to side in the neck.

On January 12, 2009, Dr. Balson performed a physical examination of the plaintiff (R. at 286-288). He indicated that plaintiff's range of movements of the lumbar spine and the cervical spine are decreased (R. at 287). He found that plaintiff has chronic neck pain following cervical spine surgery in 1995 for a cervical fracture. Plaintiff was found to have a chronic draining sinus. He then stated: "I think patient would be disabled until we get to the bottom of this issue" (R. at 288).

The ALJ stated the following regarding the opinions of Dr. Balson:

> Dr. Balson did not indicate the basis for this opinion or the claimant's functional limitations that result in disability. This opinion appears to be based on the pain the claimant experiences from her infection, but the claimant has not alleged that this alone results in an inability to work, and nothing in Dr. Balson's report suggests that is the case. Furthermore…by using "would be disabled" Dr. Balson's opinion is unclear as to whether he finds the claimant is currently unable to work, will be unable to work if her condition progresses, would be unable to work if her condition goes untreated, or some other meaning. Finally, this opinion concerns a matter reserved to the Commissioner under SSR 96-5p. As a

result, the undersigned gives this opinion
little weight.

(R. at 16).

On September 16, 2009, Dr. Lothes performed a neurosurgical consultation (R. at 342-343). At one point he stated that: "Her neck pain makes it difficult for her to perform any kind of job at this time" (R. at 342); at another point he stated: "She is disabled" (R. at 342). His examination indicated that plaintiff was healthy and in no acute distress, but noted that she has a limited range of motion of her cervical spine, and pain with palpation of her cervical, thoracic and lumbar spine. She also has drainage from her posterior cervical incision, yellowish in color. An MRI showed "fairly severe cervical stenosis at that level as well" (R. at 343). He indicated that plaintiff probably has an infection of her software, and that it will need to be removed (R. at 343).

The ALJ stated the following regarding the above opinion:

> Christian Lothes…indicated that the
> claimant's neck pain made it difficult for
> her to perform any kind of job…However, this
> does not indicate the claimant is unable to
> work, as required by this Agency.
> Additionally, Dr. Lothes provides no basis
> for this opinion, and he does not evaluate
> the claimant's functional abilities and
> limitations. Dr. Lothes also notes that the
> claimant is disabled, but this notation
> appears under the claimant's social history,
> making it difficult to determine if the
> claimant described herself as disabled or if
> Dr. Lothes believes she is. Furthermore,

7

> there is no indication this use of the
> wor[d] "disability" corresponds to the
> definition utilized by this Agency.
> Additionally, no basis for this opinion is
> provided, and again, there is no evaluation
> of the claimant's functional abilities.
> Furthermore, this is a determination
> reserved to the Commissioner under 96-5p.
> The undersigned also notes that both these
> opinions are based on a single examination
> of the claimant, during which she reported
> symptoms not seen elsewhere in the record.
> As a result, there is no indication this
> reflects the claimant's condition throughout
> the period in question. Therefore, the
> undersigned gives Dr. Lothes['] opinions
> little weight.

(R. at 17).

According to 20 C.F.R. § 404.1527(d)(1), opinions on some issues, including an opinion that a claimant is disabled, is not a medical opinion, but is an issue reserved to the Commissioner. When the record contains a medical opinion on an issue reserved to the Commissioner, the ALJ must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record. SSR 96-5p, 1996 WL 374183 at *3.

First, the ALJ did not cite to any medical evidence that plaintiff had the RFC to perform some sedentary work, but relied on certain portions of her testimony in support of her RFC findings. Second, Dr. Balson not only opined that plaintiff would be disabled, but found that plaintiff's range of movement of the lumbar spine and the cervical spine are decreased, and made specific findings regarding their range of movement (R. at

287).² Third, Dr. Lothes not only stated that plaintiff was disabled and that her neck pain would make it difficult for her to perform any kind of job, but he found that plaintiff had a limited range of motion of her cervical spine, drainage from her posterior cervical incision, and fairly severe cervical stenosis (R. at 342-343).

Both parties also discussed the sufficiency of the evidence relating to the ALJ's RFC findings (Doc. 12 at 23-24; Doc. 17 at 7-8). The ALJ found that plaintiff can perform sedentary work, which is a job that involves primarily sitting. 20 C.F.R. § 404.1567(a). Plaintiff testified that she could sit for no more than 30 to 45 minutes, and could stand for 30-45 minutes (R. at 33, 44). Plaintiff indicated that sitting poses a problem for her because it makes the pressure feel worse on her neck and back (R. at 44). She further testified that she will lie down or sit in a recliner to ease her pain (R. at 44). Even the ALJ stated that plaintiff's complaints of pain and weakness are supported by the record (R. at 16).

Furthermore, both Dr. Balson and Dr. Lothes stated that plaintiff's neck pain meant that she was disabled or unable to work (R. at 288, 342). An ALJ must not consider the opinions of one medical source in isolation, but each medical source opinion must be considered in light of the entire evidentiary record,

---

² The ALJ only noted that Dr. Balson had a reduced range of motion in the lumbar spine, and did not mention the reduced range of motion in the cervical spine (R. at 16).

including the opinions and assessments of other treating or examining sources. The court is concerned with the necessarily incremental effect of each individual report or opinion by a source on the aggregate assessment of the evidentiary record, and, in particular, on the evaluation of reports and opinions of other medical treating or examining sources, and the need for the ALJ to take this into consideration. See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-459 (10th Cir. April 5, 2005).[3]

According to SSR 96-8p, the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. Wells v. Colvin, 727F.3d 1061, 1069 (10th Cir. 2013). The ALJ has failed to cite to any medical facts in support of his RFC findings, and the only nonmedical evidence cited to by the ALJ, plaintiff's testimony, fails to support the ALJ's RFC findings. Plaintiff's testimony does not establish the ability to sit, stand and/or walk sufficiently to perform sedentary work in an 8-hour workday, especially when she has to lie down or sit in a recliner to ease her pain. Furthermore, the ALJ found that plaintiff's complaints of pain were supported by the record, and two medical sources opined that plaintiff's neck pain rendered

---

[3] The court would also note that medical records after the ALJ decision supported the earlier medical opinions that plaintiff was disabled. A July 13, 2011 report by Dr. Venkat stated that plaintiff was currently disabled (R. at 387). A July 7, 2011 report by Dr. Hsu stated that plaintiff was at extremely high risk of eventually becoming quadriplegic if intervention is not considered (R. at 379). When this case is remanded, the ALJ should examine this evidence and determine its relevance to whether plaintiff was disabled and/or her RFC on or before November 30, 2010.

her disabled or unable to perform any kind of job. On these facts, the court finds that the ALJ's RFC findings are not supported by substantial evidence.

In the case of Fleetwood v. Barnhart, 211 Fed. Appx. 736 (10th Cir. Jan. 4, 2007), the ALJ relied on a state agency medical consultant who filled out a check-the-box evaluation form, which, standing alone, the court found did not constitute substantial evidence. The court stated that no other medical evidence in the record specifically addressed her ability to work. The court held as follows:

> To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.
>
> The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993); accord Hawkins v. Chater, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so

> clearly established in this record that the
> ALJ was obliged to obtain more evidence
> regarding her functional limitations. See
> Hawkins, 113 F.3d at 1167-68.

Fleetwood, 211 Fed. Appx. at 740-741; see Martin v. Astrue, Case No. 09-1235-SAC (June 28, 2010, Doc. 13-15, 16-18).

As in Fleetwood, the ALJ failed to develop a sufficient record to support his RFC findings. On remand, the ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess plaintiff's RFC. The ALJ should consider recontacting plaintiff's treating medical sources, request additional records, or order a consultative examination. 20 C.F.R. § 404.1520b(c); Fleetwood, 211 Fed. Appx. at 741; Lamb v. Barnhart, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003). The ALJ could also consider having a medical expert testify at the hearing regarding plaintiff's RFC after reviewing the record.[4] In the alternative, the ALJ could request a state agency assessment by a physician who could review the record and provide a written report setting forth their RFC findings and providing a thorough written explanation for their RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four

---

[4] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept. Richardson v. Perales, 402 U.S. 389, 408 (1971). Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision. Lopez v. Apfel, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); Torres v. Secretary of HHS, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 27th day of February 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge